## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

**CLANN ENTERPRISES, LLC,**
**NATIVE PLAINS EXCAVATING &**
**CONTRACTING, LLC,**

                **Plaintiffs,**

**v.**

**TIM WILSON, an individual, RICK'S**
**REPAIR & CONSTRUCTION, LLC,**
**A Texas limited liability company,**
**RICARDO FRAGOSO, an individual,**
**TITAL BUSINESS SERVICES, a Texas**
**Limited liability company, ANDY**
**ANDREWS, an individual, KIM**
**ANDREWS, an individual,**
**ANDREWS MINING CONSULTING,**
**LLC, an Oklahoma limited liability company,**
**ALEXANDER KERANEN, an**
**Individual,**

                **Defendants.**

**Case No. 25-CV-00108-GKF-MTS**

---

## ANSWER PRESENTING DEFENSES OF ANDY ANDREWS, COUNTER-CLAIM AND CROSS-CLAIM

    Defendant Andy Andrews ("Mr. Andrews"), by and through undersigned counsel, and for Answer to the Complaint filed by Plaintiffs, states as follows, to-wit:

    1.     Mr. Andrews admits the allegations in paragraphs 1 – 10 of the Complaint.

    2.     Mr. Andrews admits the allegations in paragraphs 11 and 12, without conceding that this Court <u>should</u> exercise jurisdiction over Defendant Andy Andrews.

3.    Mr. Andrews denies the allegations contained in paragraph 13 and places the Plaintiffs upon strict proof thereof.

4.    Mr. Andrews neither admits nor denies the allegations in paragraph 14 of the Complaint.

5.    Paragraph 15 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

6.    Mr. Andrews neither admits nor denies the allegations in paragraphs 16 – 17 and places the Plaintiffs upon strict proof thereof.

7.    Mr. Andrews admits the allegations contained in paragraph 18 of the Complaint.

8.    Mr. Andrews admits part of the allegations contained in the first sentence of paragraph 19 of the Complaint relating to the entity know as Native Plains but denies the rest of the allegations contained within the second paragraph and places the Plaintiffs upon strict proof thereof.

9.    Mr. Andrews neither admits nor denies the allegations in paragraph 20, insofar as the Plaintiffs' legal basis to bring the claims at issue.

10.    Paragraph 21 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

11.    Mr. Andrews neither admits nor denies the allegations in paragraphs 22 – 23 and places the Plaintiffs upon strict proof thereof.

12.    Mr. Andrews neither admits nor denies the allegations in paragraphs 24 – 32 and places the Plaintiffs upon strict proof thereof.

13.    Mr. Andrews neither admits nor denies the allegations in paragraph 33 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Mr. Andrews states that certain information contained within paragraph 33, relating to "a Mexican drug cartel" and the personal safety of Defendants Andy and Kim Andrews, was discussed during the course of settlement negotiations which occurred in connection with a still-pending civil suit in Tulsa County, case number CJ-2024-4451.  Plaintiffs have based the allegations in this paragraph upon the statements made in confidential settlement discussions and Plaintiffs should be prohibited from using that information pursuant to the Federal Rules of Evidence and federal law generally.

14,    Mr. Andrews neither admits nor denies the allegations in paragraph 34 and places the Plaintiffs upon strict proof thereof.

15.    Mr. Andrews denies the allegations contained in paragraph 35 and places the Plaintiffs upon strict proof thereof.

16.    Mr. Andrews denies the allegations contained in paragraph 36 and places the Plaintiffs upon strict proof thereof.

17.    Mr. Andrews denies the allegations contained in paragraph 37 and places the Plaintiffs upon strict proof thereof.

18.    Mr. Andrews denies the allegations contained in paragraph 38 and places the Plaintiffs upon strict proof thereof.

19.    Mr. Andrews denies the allegations contained in paragraph 39 and places the Plaintiffs upon strict proof thereof.

20.     Mr. Andrews neither admits nor denies the allegations in paragraphs 40 – 42 and places the Plaintiffs upon strict proof thereof.

21.     Mr. Andrews is without information to either admit or deny the allegations in paragraph 43 and places the Plaintiffs upon strict proof thereof.

22.     Paragraph 44 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

23.     Mr. Andrews denies the allegations contained in paragraphs 45 – 46 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Andrews Consulting states that Plaintiffs have made general allegations against "Defendants" without specifying which Defendant or Defendants acted and how each one acted or failed to act.

24.     Mr. Andrews neither admits nor denies the allegations in paragraph 47 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Andrews Consulting states that certain information contained within paragraph 47, relating to "a Mexican drug cartel" and the personal safety of Defendants Andy and Kim Andrews, was discussed during the course of settlement negotiations which occurred in connection with a still-pending civil suit in Tulsa County, case number CJ-2024-4451.  Plaintiffs have based the allegations in this paragraph upon the statements made in confidential settlement discussions and Plaintiffs should be prohibited from using that information pursuant to the Federal Rules of Evidence and federal law generally.

25.     MR. Andrews is without information to either admit or deny the allegations in paragraph 48 – 50 and places the Plaintiffs upon strict proof thereof.

26.    Paragraph 51 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

27.    Mr. Andrews is without information to either admit or deny the allegations in paragraph 52 – 54 and places the Plaintiffs upon strict proof thereof.

28.    Paragraph 55 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

29.    Mr. Andrews denies the allegations contained in paragraphs 56 – 58 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Andrews Consulting states that Plaintiffs have made general allegations against "Defendants" without specifying which Defendant or Defendants acted and how each one acted or failed to act.

30.    Paragraph 59 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

31.    Mr. Andrews denies the allegations contained in paragraph 60 and places the Plaintiffs upon strict proof thereof.

32.    Mr. Andrews is without information to either admit or deny the allegations in paragraph 61 – 62 and places the Plaintiffs upon strict proof thereof.

33.    Paragraph 63 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

34.    Mr. Andrews denies the allegations contained in paragraphs 64 – 67 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Andrews Consulting states that Plaintiffs have made general allegations against

"Defendants" without specifying which Defendant or Defendants acted and how each one acted or failed to act.

35.    Paragraph 68 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

36.    Mr. Andrews denies the allegations contained in paragraphs 69 and places the Plaintiffs upon strict proof thereof.  By way of further answer and defense, Andrews Consulting states that Plaintiffs have made general allegations against "Defendants" without specifying which Defendant or Defendants acted and how each one acted or failed to act.

37.    Paragraph 70 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

38.    Mr. Andrews admits the allegations in paragraph 71.

39.    Mr. Andrews denies the allegations contained in paragraph 72 and places the Plaintiffs upon strict proof thereof.

40.    Mr. Andrews is without information to either admit or deny the allegations in paragraph 73 and places the Plaintiffs upon strict proof thereof.

41.    Paragraph 74 merely restates matters set forth in preceding paragraphs, so no answer or response thereto is necessary.

42.    Paragraphs 75 – 78 alleges certain claims against Defendant Wilson, and no response by Mr. Andrews is required.

### AFFIRMATIVE DEFENSES

Defendant Andy Andrews alleges the following affirmative defenses, to-wit:

### FIRST DEFENSE

If Mr. Andrews is indebted to Plaintiffs, then Defendant is entitled to an offset against Plaintiffs' claimed damages, for Plaintiffs' refusal to pay Mr. Andrews the unpaid salary and bonuses due from his employment with Plaintiffs.

### SECOND DEFENSE

At all times relevant hereto, Defendant Alex Keranen was Mr. Andrews' supervisor, and any alleged wrongful acts or omissions which Plaintiffs have asserted against him, were done at the direction and behest of Alex Keranen.

### COUNTER-CLAIM AGAINST PLAINTIFFS

Defendant Andy Andrews alleges that he was terminated from his employment without just cause, and that before the last date of his employment, Plaintiffs failed, refused and neglected to pay him all money due him to which he is entitled. Since Mr. Andrews was not able to access the financial books and records of Plaintiffs, Mr. Andrews estimates that Plaintiffs owe him a sum for unpaid bonuses from the 4th quarter of 2022, the entire 2023 year, and the first and second quarters of 2024, in an approximate amount of $1,2000,000.

## CROSSCLAIM AGAINT DEFENDANT ALEX KERANEN

If Plaintiffs prevail in their claims for damages against Mr. Andrews, then Mr. Andrews seeks a judgment against Defendant Alex Keranen to indemnify him and hold him harmless therefrom.

WHEREFORE, having fully answered, Defendant Andy Andrews prays that Plaintiffs take nothing against this Defendant and that he be discharged herefrom, together with his costs and attorneys fees, and prays for an offset against Plaintiffs for amounts justly due him; and further, Mr. Andrews seeks to be indemnified by Defendant Alex Keranen for any damages awarded against him in the event Plaintiffs prevail herein, and other relief to which he may be deemed entitled.

Respectfully submitted,

/s/ *Stanley D. Monroe*
Stanley D. Monroe, OBA #6305
*STANLEY D. MONROE, P.C.*
15 West 6TH Street, Suite 2800
Tulsa, Oklahoma. 74119
(918) 592-1144 *Telephone*
(918) 592-1149 *Facsimile*
stan@sdmonroe.com

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2025, by use of this Court's ECF system, I sent a true and correct copy of the above and foregoing instrument to:

Bryan J. Nowlin
Logan L. James
HALL, ESTILL, HARDWICK, GABLE
 GOLDEN & NELSON, P.C.

521 East 2nd Street, Suite 1200
Tulsa, Oklahoma  74120
Telephone: (918) 594-0400
bnowlin@hallestill.com
ljames@hallestill.com

*Attorneys for Plaintiffs*

Zachary Enlow
ENLOW LAW
2622 E. 21st Street, Suite 102
Tulsa, Oklahoma  74114
Telephone: (918) 583-8205
zach@enlow.law
-and-
Ryan Heatherman
GableGotwals
110 N. Elgin Ave., Suite 200
Tulsa, OK 74120
Telephone: (918) 595-4800
rheatherman@gablelaw.com

*Attorneys for Defendants Alexander Keranen,*
*C&G Construction, LLC*

Avery Morrison
399 Lake Meadow Loop Rd.
Durant, OK 74701
Email: amorrison@burragelaw.com
-and-
Thomas Marcum
P.O. Box 1727
Durant, OK 74701

*Attorneys for Defendants*
*TITAN BUSINESS SERVICES and*
*TIM WILSON*

Joel L Wohlgemuth
Chad J Kutmas
David James Anderson
Norman Wohlgemuth, LLP
401 S Boston Ave, Suite 3200

Tulsa, OK 74103
Email: ckutmas@nwlawok.com

*Attorneys for Defendants*
*Rick's Repair & Construction, LLC,*
*and Ricardo Fragoso*

Stephen G. Layman
Mid-Continent Tower
401 S. Boston, Suite 500
Tulsa, OK 74103
Email: steve@laymanmorris.com

*Attorney for Defendant Kim Andrews*

/s/ *Stanley D. Monroe*_____
Stanley D. Monroe