IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CLANN ENTERPRISES, LLC and
NATIVE PLAINS EXCAVATING &
CONTRACTING, LLC,

        Plaintiffs,

v.

TIM WILSON, an individual;
RICK'S REPAIR & CONSTRUCTION, LLC, a Texas limited liability company;
RICARDO FRAGOSO, an individual;
TITAN BUSINESS SOLUTIONS, LLC, a Texas limited liability company;
ANDY ANDREWS, an individual;
KIM ANDREWS, an individual;
ANDREWS MINING CONSULTING, LLC, an Oklahoma limited liability company; and
ALEXANDER KERANEN, an individual.

        Defendants.

Case No. 25-CV-00108-GKF-MTS

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss Andy Andrews' Counterclaim, or in the Alternative, to Stay the Counterclaim [Doc. 104] of plaintiffs Clann Enterprises, LLC and Native Plains Excavating and Contracting, LLC. For the reasons set forth below, the motion is denied.

**Background/Procedural History**

On March 6, 2025, plaintiffs Clann Enterprises, LLC and Native Plains Excavating & Contracting, LLC initiated this matter against eight defendants, including defendant Andy Andrews. The Complaint includes nine causes of action.

Mr. Andrews filed a motion to dismiss or, in the alternative, stay this matter pursuant to the abstention doctrine established in *Colorado River Water Conservation District v. United*

*States*, 424 U.S. 800 (1976). [Doc. 65]. Mr. Andrews argued that this matter was parallel to Tulsa County District Court Case No. CJ-2024-4451, *Clann Enterprises LLC v. Alexander Keranen* ("Tulsa County Case"), and this court should therefore decline to exercise jurisdiction.

In an Order of September 29, 2025, the court denied Mr. Andrews's motion, concluding that the Tulsa County Case and this matter were not "parallel proceedings" and therefore the *Colorado River* doctrine was inapplicable. [Doc. 84].

On October 16, 2025, Mr. Andrews filed a Counterclaim, asserting as follows:

> Defendant Andy Andrews alleges that he was terminated from his employment without just cause, and that before the last date of his employment, Plaintiffs failed, refused and neglected to pay him all money due him to which he is entitled. Since Mr. Andrews was not able to access the financial books and records of Plaintiffs, Mr. Andrews estimates that Plaintiffs owe him a sum for unpaid bonuses from the 4th quarter of 2022, the entire 2023 year, and the first and second quarters of 2024, in an approximate amount of $1,200,000.

[Doc. 92, 7].

Plaintiffs now seek dismissal or, in the alternative, a stay of the Counterclaim pursuant to the *Colorado River* doctrine. [Doc. 104]. Mr. Andrews responded in opposition. [Doc. 106].

**Analysis**

As this court previously recognized, in *Colorado River*, the U.S. Supreme Court recognized that some "exceptional" circumstances permit "dismissal of a federal suit due to the presence of a concurrent state proceeding." *Colo. River Water Conservation Dist.*, 424 U.S. at 818. Due to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817), "declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances." *Fox*, 16 F.3d at 1081.

To determine whether to apply *Colorado River*, the court "must first determine whether the state and federal proceedings are parallel." *Id*. The Tenth Circuit has stated that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*. (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). A district court should not abstain pursuant to *Colorado River* unless "it has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277 (1988) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have *nothing further to do in resolving any substantive part of the case*, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28 (emphasis added). Any doubts must be resolved "in favor of exercising federal jurisdiction." *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995).

Plaintiffs contend that Mr. Andrews's Counterclaim in this matter is parallel and, in fact, identical to Mr. Andrews's Counterclaim in the Tulsa County Case and therefore *Colorado River* applies. In doing so, plaintiffs seek a partial dismissal or stay, limited to the Counterclaim. In opposition, Mr. Andrews contends that "if the *Colorado River* abstention doctrine applies, it applies to both the entirety of the Complaint and the Counterclaim, or alternatively it applies to neither." [Doc. 106, 6].

Plaintiffs identify no binding Tenth Circuit authority permitting a partial dismissal or stay pursuant to *Colorado River*. Nor has the court. Rather, the only Circuit to consider the issue concluded that "a partial *Colorado River* stay generally is not permissible." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1205 (10th Cir. 2021). There, the Ninth Circuit

3

emphasized "that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the *entire case* before the federal court." *Id*. at 1204 (emphasis added). With respect to a partial stay, the court reasoned:

> A partial stay does not further the basic purpose of the *Colorado River* doctrine. The doctrine exists for the conservation of judicial resources. We require a parallel suit to ensure comprehensive disposition of litigation. Otherwise, a stay or dismissal will neither conserve judicial resources nor prevent duplicative litigation. A partial stay might conserve some resources, in that the district court would not have to adjudicate some of the issues. However, even with a partial stay, a district court would have to resolve a case. The district court still has to decide procedural and administrative issues. In contrast, when a full stay is issued pursuant to *Colorado River*, all activity in a case ceases. The district court has nothing to do unless and until that stay is lifted.

*Id.* at 1206 (internal citations and quotations omitted); *see also Weston v. DB Priv. Wealth Mortg. Ltd.*, No. 22-CV-6139, 2023 WL 4864995, at *4 (N.D. Ill. July 31, 2023) (internal citation omitted) ("[T]he Supreme Court has said that 'the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do *in resolving any substantive part of the case*.' That language strongly suggests that a case must be stayed or retained in its entirety.").

Further, district courts within the Tenth Circuit have specifically declined to permit partial *Colorado River* stays of counterclaims. *See Crawford v. Guar. State Bank & Tr. Co.*, No. 22-CV-02542-JAR-GEB, 2023 WL 5222496, at *7 (D. Kan. Aug. 15, 2023) (denying motion partial *Colorado River* stay as to Counterclaim); *Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, No. 16-CV-0681-CVE-JFJ, 2017 WL 6397492, at *4 (N.D. Okla. Dec. 14, 2017) (denying partial motion to stay counterclaims as "neither plaintiff nor [defendant] has cited any authority that a federal district court can partially dismiss or stay a case under *Colorado River*, and it is not clear that *Colorado River* applies when only part of a case is parallel to a state court action"); *Shadwick v. Butler Nat'l Corp.*, 950 F. Supp. 302, 305-06 (D. Kan. 1996). Similar to the Ninth Circuit, those

4

courts reasoned that dismissal or stay of the counterclaim would promote neither the "conservation of judicial resources" nor "comprehensive disposition of litigation"—the goals of the *Colorado River* doctrine. *Phoenix Energy Mktg., Inc.*, 2017 WL 6397492, at *4; *Crawford*, 2023 WL 5222496, at *7; *Shadwick*, 950 F. Supp. at 306.

Here, even if the court were to dismiss or stay Mr. Andrews's Counterclaim, both this case and the Tulsa County Case would remain pending. Thus, "there will be no conservation of judicial resources if [Mr. Andrews's] counterclaim[] [is] dismissed or stayed." *Phoenix Energy Mktg., Inc.*, 2017 WL 6397492, at *4; *see also Shadwick*, 950 F. Supp. at 305. Nor can the state court provide a "comprehensive disposition of the litigation" as plaintiffs' claims against all defendants—the lion's share of the claims in this matter—remain pending. *Crawford,* 2023 WL 5222496, at *7; *see also Shadwick*, 950 F. Supp. at 305. As previously stated, *Colorado River* abstention is warranted only where the federal court will have "*nothing further to do in resolving any substantive part of the case*, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. Finally, the court notes that plaintiffs, not Mr. Andrews, opted to file the action in this court and therefore "cannot complain about the inconvenience of defending against [Mr. Andrews's] counterclaim[] in this court." *Phoenix Energy Mktg., Inc.*, 2017 WL 6397492, at *4.

For all of these reasons, and given this court's "virtually unflagging obligation . . . to exercise the jurisdiction given" to it, *Fox*, 16 F.3d at 1081, the court declines to dismiss or stay Mr. Andrews's Counterclaim under *Colorado River*.

## Conclusion

WHEREFORE, the Motion to Dismiss Andy Andrews' Counterclaim, or in the Alternative, to Stay the Counterclaim [Doc. 104] of plaintiffs Clann Enterprises, LLC and Native Plains Excavating and Contracting, LLC is denied.

IT IS SO ORDERED this 15th day of December, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE